IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Robert Earl Williamson,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>Rick Clark, Sheriff of Pickens;<br>Director of Jail, Pickens County,<br><br>　　　　　　　Defendants. | Civil Action No. 8:15-4515-TMC-KFM<br><br><br>**ORDER<br>AND<br>REPORT AND RECOMMENDATION** |
| Robert Earl Williamson,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>Rick Clark, Sheriff of Pickens County;<br>Captain Nix, Director of Jail; and<br>Unknown Defendants of Pickens<br>County,<br><br>　　　　　　　Defendants. | Civil Action No. 8:16-177-TMC-KFM |

This matter is before the court on the defendants' motions for summary judgment (doc. 51; C/A No. 8:16-177, doc. 27) and the plaintiff's motions to amend his complaint (doc. 62; C/A No. 8:16-177, doc. 38).[1] The plaintiff is a former detainee at the Pickens County Jail, and the identified defendants are the Pickens County Sheriff Rick Clark and Captain James Nix, the Director of the Detention Center. The plaintiff alleges that the defendants violated his civil rights when he was arrested on an old bench warrant and

---

[1]Civil Action No. 8:15-4515 was consolidated with Civil Action No. 8:16-177 by order of this court dated February 19, 2016 (doc. 43). Docket entries have since been entered by the clerk under both case numbers. Unless otherwise noted, docket entries cited herein will be for those appearing in Civil Action No. 8:15-4515.

held in custody for eleven days. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and to submit findings and recommendations to the District Court.

The plaintiff filed his complaint in C/A No. 15-4515 (doc. 1) on November 3, 2015, and filed an amended complaint (doc. 40) on February 1, 2016. He also filed a case in the Pickens County Court of Common Pleas (State Case No. 2015-CP-39-01465), which was removed to this court (C/A No. 8:16-177) and later consolidated (doc. 43) with C/A No. 8:15-4515. The defendants filed their motions for summary judgment on March 4, 2016 (doc. 51; C/A No. 8:16-177, doc. 27). On March 7th, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately (doc. 55; C/A No. 8:16-177, doc. 29). The plaintiff filed his response in opposition to the motion on March 21st (doc. 57; C/A No. 8:16-177, doc. 34), and the defendants filed a reply on March 30th (doc. 59; C/A No. 8:16-177, doc. 36). The plaintiff then filed a sur reply on April 13th (doc. 60; C/A No. 8:16-177, doc. 37). On July 8th, the plaintiff filed a motion to amend his complaint (doc. 62; C/A No. 8:16-177, doc. 38).

## **BACKGROUND AND ALLEGATIONS**

The plaintiff alleges that from 2009 until 2012, he served a term of imprisonment for grand larceny (doc. 40 at 2). After his release, he was arrested for shoplifting and released on bond. However, the next day, an officer picked him up and took him to jail, where an old bench warrant for the 2009 grand larceny charge was served upon him (*id.*). Despite his protests that he had already served time on the charge, he was held in custody for eleven days until his public defender convinced the solicitor of the error and a circuit judge ordered his release (*id.* at 3).

The plaintiff alleges federal and state[2] claims that the named defendants falsely imprisoned him, violating his due process rights (*id*.; *see also* C/A No. 8:16-177, doc. 15 at 3).  In his response in opposition to summary judgment, the plaintiff argues that the defendants learned of his false arrest and "failed to do anything to fix the situation" (doc. 57 at 7).  He contends they were also grossly negligent in managing and running the jail (*id*. at 8).  As for the captioned "unknown defendants," the plaintiff states they consist of those "officers and agents that had a hand in this unconstitutional violation" (*id*.).

The defendants deny that they violated the plaintiff's constitutional rights, pointing out that the plaintiff was arrested pursuant to a facially valid bench warrant.  They contend that the plaintiff has failed to state a claim against them, as he does not allege any specific facts showing their personal involvement in the matter and that they should not be held liable as supervisors (doc. 27-1 at 15-17).  In support of their motion, the defendants provide copies of the warrant, the order recalling the warrant, and the affidavit of an assistant solicitor in Pickens County, who attests that only a judge, and not either of the named defendants, hold the authority to recall a warrant (docs. 27-2 through 27-5).

After the defendants moved for summary judgment, the plaintiff filed a motion to amend his complaint so as to add as a defendant the unnamed officer that arrested him, because he "would not check out plaintiff's warrant to see if it was false arrest" (doc. 62).

## MOTION FOR SUMMARY JUDGMENT

*Legal Standard*

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  As to the first of these determinations, a fact is

---

[2] The defendants suggest that the plaintiff has failed to plead any claims under state law; however *pro se* pleadings are liberally construed.  Moreover, the plaintiff opposed the removal of his case from state court on the ground that he had indeed raised state law claims (*see* C/A No. 8:16-177, doc. 14).  Accordingly, the court finds that the plaintiff has sufficiently demonstrated his intention to raise state law claims.

3

deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

### *Federal Claim - Due Process*

The Fourteenth Amendment provides that no State shall deprive any person of liberty without due process of law. U.S. Const. amend. XIV, § 1. The plaintiff maintains that he was denied due process upon his arrest on the unrecalled warrant. However, as argued by the defendants, controlling federal precedent dictates otherwise. In *Baker v. McCollan*, 443 U.S. 137 (1979), the plaintiff had been mistakenly arrested in place of his brother because his brother had shown identification with plaintiff's picture and name when released on bail for a narcotics charge. The court found that because the plaintiff had been detained on a warrant that was valid on its face and the mistake was an inadvertent one,

there was no violation of due process.  Likewise, and closer factually, the Fourth Circuit Court of Appeals in *Mitchell v. Aluisi* held that the plaintiff was not denied due process when she was served with a bench warrant that, unbeknownst to the arresting officers, had already been recalled. 872 F.2d 577, 579 (4th Cir. 1989)  "While Mitchell claims that she alerted the arresting officers that the charges against her had been dropped, the Supreme Court has declined to hold that 'a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence.'" *Id.* (citing *Baker*, 443 U.S. at 145-46).  Here, the plaintiff was served with a facially valid warrant, one that had not yet been recalled.  As the *Baker* and *Mitchell* cases hold, the unnamed arresting officer owed no additional due process to the plaintiff in executing his arrest on the warrant, even upon the protests by the plaintiff of its invalidity.  Moreover, the plaintiff makes no allegations whatsoever that Sheriff Clark or Captain Nix had any personal, intentional involvement with the unrecalled warrant, or in the arrest or imprisonment of the plaintiff. Accordingly, the plaintiff's due process claim must fail.

### *Respondeat Superior*

To the extent the plaintiff alleges that Sheriff Clark and Captain Nix are liable under a theory of *respondeat superior* for the actions of other employees, that doctrine is generally inapplicable to Section 1983 claims. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a *respondeat superior* theory of liability.") (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978));  *Vinnedge v. Gibbs*, 550 F.2d 926, 928–29 (4th Cir. 1977) (doctrine of *respondeat superior* has no application under § 1983).

In order to proceed on a supervisory liability theory, the plaintiff must show: (1)  the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3)  there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional

injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). In *Randall v. Prince George's County*, the Fourth Circuit concluded that, "[u]nder the first prong of *Shaw*, the conduct engaged in by the supervisor's subordinates must be 'pervasive,' meaning that the 'conduct is widespread, or at least has been used on several different occasions.'" 302 F.3d 188, 206 (4th Cir. 2002) (quoting *Shaw*, 13 F.3d at 799). Furthermore, in establishing deliberate indifference under *Shaw's* second prong, a plaintiff "[o]rdinarily ... cannot satisfy his burden of proof by pointing to a single incident or isolated incidents ... for a supervisor cannot be expected ... to guard against the deliberate criminal acts of his properly trained employees when he has no basis upon which to anticipate the misconduct." *Id*. (quoting *Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984)). The plaintiff has made no such showing here, so he cannot proceed in federal court under a theory of supervisor liability.

The plaintiff also has provided no proof of any impermissible policy here that would give rise to municipal liability. *Mitchell*, 872 F.2d at 579 (citing *Monell*, 436 U.S. 658). There is also no proof of an unconstitutional custom or practice in this case. *Id.* at 580 (citation omitted).

### *State Law Claims*

The plaintiff alleges state law claims of false imprisonment and gross negligence against the defendants. As noted above, he specifically objected to the removal of his state-filed case to this court (C/A No. 8:16-177, doc. 14) and moved that his concurrent federal case (C/A No. 8:15-4515) be stayed so that he could pursue his state claims (doc. 11). That motion was denied, as his initial federal case was the first to be filed, and the federal claims contained in both cases were appropriate for this court's consideration. Now, having found that the defendants are entitled to summary judgment regarding the plaintiff's constitutional claims, it is recommended that the court decline to exercise supplemental jurisdiction over any claims for relief construed by the court to be asserted pursuant to state law. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Tigrett v. Rector and Visitors of the Univ. of Virginia*, 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims

remained in the case); and 28 U.S.C. § 1367(c)(3). It is further recommended that the state court claims in C/A No. 8:16-177 be remanded to the Pickens County Court of Common Pleas. *See Hinson v. Norwest Fin. S. Carolina, Inc.*, 239 F.3d 611, 617 (4th Cir. 2001) ("[U]nder the authority of 28 U.S.C. § 1367(c), authorizing a federal court to decline to exercise supplemental jurisdiction, a district court has inherent power to dismiss the case or, in cases removed from State court, to remand . . . .").

## **MOTION TO AMEND**

Pursuant to Federal Rule of Civil procedure 15(a), a plaintiff may amend his pleading once a matter of course, meaning without the opposing party's consent or the court's leave, within 21 days after serving the pleading or within 21 days after service of a responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a). In all other cases, a plaintiff must seek leave of court. *Id.* 15(a)(2). Here, the plaintiff must seek leave of court as he did not file his motion within 21 days of service of the answer (*see* C/A No. 8:15-4515, doc. 62, filed approximately six months after service of doc. 35; *see also* C/A No. 8:16-177, doc.38, filed approximately six months after doc. 3). Amendments are generally freely given unless doing so would be prejudicial to the opposing party, have been made in bad faith, or would be futile. *See Jones v. Lexington Cty. Det. Ctr.*, 586 F. Supp. 2d 444, 450 (D.S.C. 2008) (denying motion to amend as futile).

The plaintiff's proposed allegations are futile. The proposed new defendant is the unnamed arresting officer, who allegedly "would not check out plaintiff's warrant to see it was false arrest" (doc. 62). As addressed above, this cursory allegation is insufficient to establish a due process violation, as the officer owed no investigatory obligation to the plaintiff in executing the facially valid warrant. As this proposed amendment would prove futile here, the motion to amend is denied.

**CONCLUSION AND RECOMMENDATION**

Now, therefore, based upon the foregoing,

IT IS ORDERED that the plaintiff's motions to amend his complaint in both cases (doc. 62; C/A No. 8:16-177, doc. 38) are denied.  Furthermore, IT IS RECOMMENDED that the defendants' motions for summary judgment on the plaintiff's federal claims in both cases (doc. 51; C/A No. 8:16-177, doc. 27) be granted, that the district court decline to exercise supplemental jurisdiction as to the plaintiff's state law claims in both cases, and that the district court remand C/A No. 8:16-177 to the Pickens County Court of Common Pleas.  The attention of the parties is directed to the notice on the next page.

IT IS SO RECOMMENDED.


August 5, 2016                                                                s/ Kevin F. McDonald
Greenville, South Carolina                                            United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).