IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Robert Earl Williamson, ) | |
| ) | Civil Action No. 8:15-4515-TMC |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Rick Clark, Sheriff of Pickens; ) | |
| Director of Jail, Pickens County, ) | |
| ) | |
| Defendants. ) | |
| ——————————————— ) | |
| ) | |
| Robert Earl Williamson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 8:16-177-TMC |
| vs. ) | |
| ) | |
| Rick Clark, Sheriff of Pickens County; ) | |
| Captain Nix, Director of Jail; and ) | |
| Unknown Defendants of Pickens County, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Robert Earl Williamson ("Williamson"), an inmate proceeding pro se, filed these actions pursuant to 42 U.S.C. § 1983.[1] Defendants in Civil Action No. 8:16-177 removed the action from the Pickens County Court of Common Pleas. (C/A No. 8:16-177, ECF No. 1).[2] The magistrate judge issued an Order and Report and Recommendation ("Report") (ECF No. 64) which denied Plaintiff's motions to amend his complaint in both cases (ECF No. 62; C/A No. 8:16-177, ECF No. 38) and recommended the court grant Defendants' motions for summary judgment in both cases in regard to Plaintiff's federal claims (ECF No. 51; C/A No. 8:16-177,

---

[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, DSC, this matter was initially referred to a magistrate judge.

[2] Civil Action No. 8:15-4515 was consolidated with Civil Action No. 8:16-177 by order of the magistrate judge dated February 19, 2016 (C/A No. 8:15-4515, ECF No.43; C/A No. 8:16-177, ECF No. 18). Docket entries have since been entered by the clerk under both case numbers. Unless otherwise noted, docket entries cited herein will be for those appearing in Civil Action No. 8:15-4515.

1

ECF No. 27); decline to exercise supplemental jurisdiction over any state law claims; and remand C/A No. 8:16-177 to the Pickens County Court of Common Pleas.  (ECF No. 64; C/A No. 8:16-177, ECF No. 40).  Plaintiff timely filed objections.  (ECF No. 67).  Defendants filed a response to Plaintiff's objections. (ECF No. 69).  Plaintiff filed a reply to defendants' response. (ECF No. 70)

The recommendations set forth in the Report have no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).  However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### I.  Facts/Background

The magistrate judge summarizes the facts of this case in his Report.  Briefly, Plaintiff alleges that he served a term of imprisonment from 2009 until February 1, 2012, for grand larceny.  (ECF No. 1 at 3).  In early December 2014, he was arrested for shoplifting and released later on a personal recognizance bond.  (ECF No. 40 at 2).[3]  On December 10, 2014, he was arrested and served with an outstanding bench warrant originally issued on October 2, 2009 by

---

[3] Plaintiff alleges this event occurred on December 11, 2014 and the bench warrant arrest occurred the next day. (ECF No. 1 at 2).  However, defendants filed a copy of the booking report for the bench warrant arrest which lists that date as December 10, 2014.  (ECF No. 51-2).  Therefore, the date of the shoplifting incident is unclear.

the Deputy Clerk of Court in Pickens County ordering Plaintiff's arrest. (ECF No. 51-2). Despite Plaintiff's protests that he had already served full time on the charge, he was held in custody for over a week. Plaintiff was released on December 19, 2014, after the Honorable G. Edward Welmaker, presiding judge of the Court of General Sessions for Pickens County, entered an order recalling the warrant. (ECF No. 51-4).[4]

## II. Discussion

In his original and amended complaints, Plaintiff alleged false imprisonment, gross negligence, and violation of his due process rights. (ECF Nos. 1 and 40, respectively). Upon review, the court finds that many of Plaintiff's objections merely restate his claims or are non-specific and unrelated to the dispositive portions of the Report. However, the court was able to glean three specific objections.

First, Plaintiff asserts that the court lacks jurisdiction over his claims. (ECF No. 67 at 1–2). District courts have original jurisdiction over civil actions involving a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332. In this case, jurisdiction depends on whether a federal question was involved. *See id.* at § 1441(a) (authorizing removal to district court of state court civil action "of which the district courts of the United States have original jurisdiction"); *id.* at § 1331 (providing for original jurisdiction in the district courts of "all civil actions arising under the Constitution, laws, or treaties of the United States"). According to the Supreme Court, "a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013). In this case, Plaintiff filed a claim alleging violation of his due process rights pursuant to 42 U.S.C. § 1983, thus, subject matter jurisdiction is proper.

---

[4] Plaintiff's timeline is slightly different per his complaint, alleging that his second arrest on the outstanding bench warrant took place on December 12, 2014 and he was held in custody for 11 days until being released on December 23, 2014. (ECF No. 40 at 2–3).

Second, Plaintiff objects to the dismissal of his due process claim by challenging the magistrate judge's reliance on *Mitchell v. Aluisi*, 872 F.2d 577 (4th Cir. 1989). The Fourth Circuit found no due process violation in *Mitchell* when Plaintiff was arrested, detained, and served with a facially valid bench warrant that had been recalled, unbeknownst to the arresting officers. 872 F.2d at 579. Plaintiff claims that the case "is moot in its entirety," "has no legal significance," and is invalidated by the Fourth Amendment. (ECF No. 67 at 14, 17). However, *Mitchell* has not been overturned or found to violate the Fourth Amendment and is not "moot;" it is good law. *See Etheridge v. Norfolk & Western Ry.Co.*, 9 F.3d 1087 (4th Cir. 1993) ("A decision of a panel of [the Fourth Circuit] court becomes the law of the circuit and is binding on other panels unless it is overruled by a subsequent en banc opinion of [the Fourth Circuit] court or 'a superseding contrary decision of the Supreme Court.'") (*quoting Busby v. Crown Supply, Inc.*, 896 F.2d 833, 840–41 (4th Cir.1990)). Further, Plaintiff appears to argue that the arrest occurred, "knowing[] the bench warrant wasn't facially valid . . . ." (ECF No. 67 at 17). However, it has been determined that the warrant was indisputably facially valid because it was not recalled until *after* his 2014 arrest. (ECF No. 51-4). As the Supreme Court held in *Baker v. McCollan*, there was no violation of due process when Plaintiff had been detained on a facially valid warrant because of an inadvertent mistake. 443 U.S. 137 (1979).

Finally, Plaintiff references two South Carolina statutes—neither of which he raised in his original or supplemental complaint. (ECF No. 67 at 18–20).[5] However, these new arguments do not challenge any part of the Report and Plaintiff cannot use objections to plead new claims not alleged in his complaint. *See* 28 U.S.C. § 636(b)(1) (providing for "de novo determination of those portions of the report or specified proposed findings or recommendations

---

[5] Plaintiff alleges violation of (1) S.C. Code Ann. § 16-3-910, a criminal kidnapping statute and (2) S.C. Code Ann. § 22-3-710, a criminal procedure statute.

to which *objection* is made."); *Backus v. Cox*, 2013 WL 5707328, at *2 (D.S.C. Oct. 18, 2013) ("Plaintiff, however, cannot use his objections to plead new claims or cure the factual defects of his existing claims . . . ."). Further, Plaintiff's assertions regarding state criminal statutes do not alter the analysis of his federal claims.

### III. Conclusion

After a thorough review of the entire record, including the Report and Plaintiff's objections in accordance with the standard referenced above, the court overrules Plaintiff's objections, adopts the Report, and incorporates it herein by reference. Defendants' motions for summary judgment in both cases (ECF No. 51; C/A 8:16-177, ECF No. 27) in regard to Plaintiff's federal claims are **GRANTED.** Further, the court declines to exercise supplemental jurisdiction over any state law claims and remands those claims in Civil Action 8:16-177 to the Pickens County Court of Common Pleas.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

October 14, 2016
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.